# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | 4:12 CR00041-02 JLH |
| | ) | |
| BOB S. CASTLEMAN | ) | |

## **PROTECTIVE ORDER**

The United States moved, pursuant to 21 U.S.C. § 853(e)(1)(A), for a protective order to preserve the availability of certain real property that is currently subject to criminal forfeiture. Upon consideration of the pleadings and a hearing in the matter, it appears to the Court that there is reasonable cause to enter a restraining order to preserve a portion of the subject real property based upon the following:

1. Bob S. Castleman is currently under indictment and charged with various drug trafficking offenses in violation of 21 U.S.C. §§ 841, 843, 846, and 856. The Indictment also includes a criminal forfeiture allegation pursuant to 21 U.S.C. § 853 for certain real property including but not limited to the residence, all structures, and real property comprising approximately 262 acres at 4426 Fairview Drive, Imboden, Arkansas 72434 in which Bob S. Castleman holds an interest.

2. There is a substantial probability that the United States will prevail on the issue of forfeiture as it relates to a portion of the property, and that failure to enter a protective order at this time could result in the property being destroyed or otherwise made unavailable for forfeiture to the United States upon conviction. Destruction or the transfer, movement, conveyance, or encumbrance of the subject real property by the defendant or any third party could render said real property unavailable for forfeiture.

3. The need to preserve the availability of the subject real property through the entry of

the order requested herein outweighs the hardship on any party against whom the order is to be entered.

4. Any third party claims to the subject real property may be properly brought and resolved in ancillary proceedings conducted by this Court following the execution of a Preliminary Order of Forfeiture in accordance with the provisions of federal forfeiture law.

THEREFORE, IT IS HEREBY ORDERED AND DECREED:

1. That Bob S. Castleman, his agents, servants, employees, attorneys, family members and those persons in active concert or participation with him, and those persons or entities who have any interest or control over the subject real property are hereby restrained, without prior approval of this Court and upon notice to the United States and an opportunity for the United States to be heard, from attempting or completing any action that would affect the availability, marketability or value of said property, including but not limited to selling, assigning, pledging, distributing, encumbering, wasting, secreting, depreciating, damaging, or in any way diminishing the value of, all or any part of their interest, direct or indirect, in the following real property: The residence, all structures, and real property comprising approximately 262 acres at 4426 Fairview Drive, Imboden, Arkansas 72434 save and except for the following:

> The West Half of the Northwest Quarter (W1/2 NW1/4) and the Northwest Quarter of the Southwest Quarter (NW1/4 SW1/4) of Section Twenty-eight (28), Township Eighteen (18) North, Range One (1) West, of the Fifth Principal Meridian, in Randolph County, Arkansas.
>
> Also, a perpetual easement for ingress and egress to the above-described lands, twenty (20) feet wide over an existing access road traversing across the South Half of the Southeast Quarter of the Southeast Quarter (S1/2 SE1/4 SE1/4) of Section Twenty (20), Township Eighteen (18) North, Range One (1) West. AND
>
> .29 acres quitclaimed to the defendant on January 11, 2008.

2. That the property owner is required to maintain the present condition of the subject real property, including timely payment of all mortgage payments, and insurance, utilities, taxes,

and assessments until further order of this Court.

3. That the United States or any Subject of this Order may seek modifications of this Order if it is deemed necessary by them to preserve their interest in the subject real property.

IT IS FURTHER ORDERED that any Subject of this Order shall be permitted to execute a satisfactory performance bond pursuant to 21 U.S.C. § 853(e)(1) as an alternative to the restraint of the subject real property. After notice to the United States and an opportunity to be heard, the Court shall determine whether any proposed bond is a satisfactory performance bond. This Order shall be in effect until such time as the Court determines that the proffered bond is satisfactory.

IT IS SO ORDERED this 18th day of April, 2012.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE