**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.                                      No. 4:12CR00041-02 JLH

BOB SAM CASTLEMAN                                                                       DEFENDANT

**OPINION AND ORDER**

Bob Sam Castleman and seven co-defendants are charged in a six-count indictment with offenses related to the manufacture and distribution of methamphetamine. Bob Sam Castleman has filed a motion to sever the counts in the indictment, arguing that the counts are improperly joined and, in the alternative, that he will be unfairly prejudiced in a joint trial. For the reasons explained below, the motion is denied.

The defendants named in the indictment are Robert Jerrod Castleman, Bob Sam Castleman,[1] Rebecca Lucille Spray, Travis Blaine Perkins, Randall Wayne Byrd, Thomas Thorn Watson, Trisha Louise Mulligan, and Elaine Marie Swann. Count 1 charges that Robert Jerrod, Bob Sam, Spray, Perkins, and Watson conspired to manufacture methamphetamine from 2008 through February 7, 2012. Count 2 charges that Robert Jerrod, Perkins, Mulligan, and Swann conspired to possess with intent to distribute and to distribute methamphetamine from 2007 through February 7, 2012. Count 3 charges that Bob Sam conspired with others, who are unnamed, to manage and control his residence for the purpose of unlawfully manufacturing, storing, distributing, and using methamphetamine from 2008 until February 7, 2012. Count 5 charges that Bob Sam and Spray conspired to possess materials to manufacture methamphetamine on April 11, 2011. Count 6 charges that Robert Jerrod

---

[1] For the sake of clarity, the Court hereinafter will refer to the two Castlemans by their respective given names.

possessed methamphetamine with intent to distribute on July 28, 2011. Bob Sam acknowledges that Counts 1, 3, and 5 are properly joined, but he contends that Counts 2 and 6 are improperly joined with Counts 1, 3, and 5.[2]

"When a defendant moves for severance, a district court must first determine whether joinder is proper under Federal Rule of Criminal Procedure 8." *United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir. 2005). "Most courts that have addressed the issue have decided that Rule 8(a) applies only to single defendants who are challenging the joinder of offenses against them at a single trial, whereas Rule 8(b) applies to all multiple defendant situations." *United States v. Sw. Bus Sales, Inc.*, 20 F.3d 1449, 1453 (8th Cir. 1994); *see also United States v. Mann*, 701 F.3d 274, 289 (8th Cir. 2012). Rule 8(b) provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). "An indictment must reveal on its face a proper basis for joinder." *United States v. Wadena*, 152 F.3d 831, 848 (8th Cir. 1998). "Generally, the 'same series of acts or transactions' means acts or transactions that are part of a common plan or a common scheme." *Id.* (quoting *United States v. Jones*, 880 F.3d 55, 61 (8th Cir. 1989)). The Eighth Circuit has held that joinder is proper when the indictment alleges a series of connected events with the defendants participating at various points in the continuum. *United States v. Liveoak*, 377 F.3d 859, 864 (8th Cir. 2004); *United States v. Rimmell*, 21 F.3d 281, 289 (8th Cir. 1994).

---

[2] He also contends that Count 4 is improperly joined. The only defendant in Count 4 is Byrd, and Byrd has already entered a guilty plea and been sentenced, so Count 4 will not be presented to the jury at trial.

2

Here, the indictment alleges a series of connected events with each defendant participating in some manner. As mentioned, the indictment charges three conspiracies: Count 1 charges a conspiracy involving both Castlemans and others to manufacture methamphetamine; Count 2 charges a conspiracy involving Robert Jerrod and others to distribute methamphetamine; and Count 3 charges that Bob Sam conspired with others to manage and control his residence for the purpose of manufacturing, storing, distributing, and using methamphetamine. Although the distribution conspiracy began a year earlier than the other two conspiracies, according to the indictment, all three conspiracies operated simultaneously for more than four years. Finally, Count 5 charges that Bob Sam and Spray conspired to possess equipment and materials for the manufacture of methamphetamine on April 11, 2011, while Count 6 charges that Robert Jerrod possessed methamphetamine with intent to distribute on July 28, 2011, both of which are within the time frame of the three conspiracy counts. Thus, the offenses charged in the five counts of the indictment that will be presented to the jury at trial are part of a series of related events involving the manufacture and distribution of methamphetamine. According to the indictment, some of the defendants participated in the manufacturing of methamphetamine, some in the distribution of methamphetamine, and some participated in both; but they were all involved. Counts 2 and 6 were properly joined with Counts 1, 3, and 5.

"Even if joinder is proper under [Rule 8], the court still has discretion to sever under Rule 14." *Ruiz*, 412 F.3d at 886. Under that rule, "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant . . . , the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "Generally, 'persons charged in a conspiracy or jointly indicted on

3

similar evidence from the same or related events should be tried together.'" *United States v. Lewis*, 557 F.3d 601, 609 (8th Cir. 2009) (quoting *United States v. Adkins*, 842 F.2d 210, 211 (8th Cir. 1988)). "When defendants are properly joined [under Rule 8], there is a strong presumption for their joint trial, as it gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome." *Id.* (internal quotation marks and citations omitted).

> The burden is on the defendant to show that he [would be] clearly prejudiced by the joint trial, and "it will be the rare case, if ever, where a district court should sever the trial of alleged coconspirators." [*United States v. Frazier,* 280 F.3d 835, 844 (8th Cir. 2002).] Severance is appropriate "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States,* 506 U.S. 534, 539, 113 S. Ct. 933, 122 L. Ed. 2d 317 (1993).

*United States v. Spotted Elk*, 548 F.3d 641, 658 (8th Cir. 2008).

Bob Sam argues that he will be prejudiced by a joint trial involving Robert Jerrod because of the family relationship between them. Bob Sam is Robert Jerrod's father, and Bob Sam argues that the family relationship could unduly influence a jury to convict him if it believes that Robert Jerrod committed similar offenses. Bob Sam also argues that Robert Jerrod's prior convictions would be admissible impeachment under Rule 609 of the Federal Rules of Evidence if he were to testify or that the government may offer the convictions as prior bad acts under Rule 404(b) of the Federal Rules of Evidence. The jury might believe that Bob Sam was a bad father and therefore guilty. All of these problems can be addressed by means of appropriate instructions.

Bob Sam has not met his burden of showing prejudice from a joint trial. *See United States v. Billups*, 442 F. Supp. 2d 697, 706 (D. Minn. 2006) (denying a defendant's motion for severance where the motion was based on purely speculative grounds that a defendant's right to confront his accusers might be violated by the admission of recorded statements made by a co-defendant); *see*

*also See Lewis*, 557 F.3d at 610-11 (holding that the district court's denial of the defendant's motion to sever was not plain error where the defendant argued that the jury was unable to compartmentalize the evidence and that the evidence against him was less damaging than that against his co-defendant); *United States v. Boone*, 437 F.3d 829, 838 (8th Cir. 2006) ("Where multiple defendants are tried together, the risk of undue prejudice is best cured through cautionary instructions to the jury." (citing *Mickelson*, 378 F.3d at 817)); *United States v. Mickelson*, 378 F.3d 810, 818 (8th Cir. 2004) ("Severance is not required merely because evidence that is admissible only against some defendants may be damaging to others."); *United States v. Guerrerio*, 670 F. Supp. 1215, 1222 (S.D.N.Y. 1987) (holding that severance was not warranted where Robert Guerrerio, Jr., was named as a co-conspirator along with several family members, including Robert Guerrerio, Sr., and where the court could give limiting instructions to the jury).

## CONCLUSION

The counts in the indictment are properly joined, and Bob Sam has failed to show that he will be prejudiced by their joinder. Therefore, the motion to sever is DENIED. Document #252.

IT IS SO ORDERED this 22nd day of October, 2013.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE